# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALLEN WOODS, *et al.* | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 17-4443 |
| | : | |
| SEAN MARLER | : | |

**KEARNEY, J.**  March 22, 2018

## MEMORANDUM

Inmates awaiting trial or sentencing in the Philadelphia Federal Detention Center challenge the Warden's policy affecting visitation rights with their children under sixteen. The inmates ask us to declare the Warden's policy unconstitutional under the First and Fifth Amendments and enjoin its further enforcement. Claiming the Warden's policy is applied to all inmates awaiting trial or sentencing (but not post-sentencing) since October 5, 2017, the inmates now ask to proceed on behalf of over 100 unnamed inmates affected by this same policy through a class action. The Warden opposes class treatment because there may be different reasons why some inmates can satisfy his policy and others cannot. He may be right, but the same policy applies to all inmates awaiting trial or sentencing and our final decision on constitutionality affects all pre-sentence inmates even if their reasons for being unable to meet the policy differs. In allowing the two inmates to proceed on behalf of the class defined in the accompanying Order, we are not deciding the constitutionality of the Warden's policy but only allowing the inmates seeking the same declaratory and injunctive relief to have their common threshold constitutional challenge to the policy resolved.

I.   **Background**

Allen Woods and Keith Campbell, while awaiting trial at the Federal Detention Center in Philadelphia, seek to enjoin further enforcement of the Federal Detention Center's Visitation Policy preventing their children under sixteen from visiting them and declare the policy unconstitutional under the First and Fifth Amendments.

The policy regarding visitation rights with children under the age of sixteen, which applies to all inmates, requires a child be accompanied by a "responsible adult." The policy does not define "responsible adult." The Federal Detention Center's Visitation Policy has different rules defining the persons accompanying the child to the visitation depending on whether the inmate is awaiting sentencing or has already been sentenced. The policy limits visitors of pre-sentence inmates to "immediate family members."[1] A pre-sentence inmate's "immediate family members" are his "mother, father, step-parents, foster-parents, brothers and sisters, spouse, and children." As a result, the Warden's visitation policy adds a requirement for pre-sentence inmates: the children of pre-sentence inmates under sixteen years of age must be accompanied by an immediate family member, not just a responsible adult.[2]

The Federal Detention Center policy has two relevant exceptions. If it verifies a pre-sentence inmate has no immediate family members, the Federal Detention Center will consider adding a "non-immediate family member" to the pre-sentence inmate's visiting list.[3] The policy section prohibiting children under sixteen allows the Warden to approve "[e]xceptions in unusual circumstances."[4]

Mr. Woods and Mr. Campbell are awaiting trial and have children under the age of sixteen. Both men want to visit with their children. Mr. Woods has a six-year-old son D.W. and he cannot see him because of the policy. Because Mr. Woods is not married to D.W.'s mother, she is not an "immediate family member" permitted to accompany D.W. for a visit even though

2

she is willing to do so.[5] Mr. Woods does have two immediate family member approved visitors, his sister and adult daughter.[6] D.W.'s mother, as legal guardian, will not allow Mr. Woods' sister or adult daughter to accompany D.W. to visit Mr. Woods.[7] Mr. Campbell has a two-year-old son S.C. and he cannot see him because of the Warden's policy.[8] Because Mr. Campbell is not married to S.C.'s mother, his girlfriend, she cannot visit him or accompany S.C. to visit Mr. Campbell.[9] Mr. Campbell has one approved visitor, his mother Carolyn Campbell.[10] S.C.'s mother, however, will not allow Ms. Campbell to accompany S.C. to visit Mr. Campbell in the Federal Detention Center.[11]

Mr. Woods and Mr. Campbell sue Warden Sean Marler on behalf of themselves and other similarly situated parties alleging his visitation policy violates their First Amendment right of freedom of association and Fifth Amendment right against cruel and unusual conditions of confinement.[12] They also allege his policy violates their Fifth Amendment rights because the pre-sentence inmates are subjected to "intentionally unequal treatment" from the sentenced inmates without a rational basis.[13] Mr. Woods and Mr. Campbell, on behalf of themselves and other similarly situated parties, ask us to declare the policy is unconstitutional. They also ask us to enjoin Warden Marler from enforcing the policy and require him to submit a new constitutional written policy to us for pre-approval.

**II.     Analysis**

Our only issue today is whether we should allow this action to proceed on behalf of a class of at least 100 absent pre-sentence inmates. Mr. Woods and Mr. Campbell moved to certify a Class under Federal Rule of Civil Procedure 23(b)(2) of "all current and future [pre-sentence] inmates[14] at the [Federal Detention Center] who are unable to see their child or children younger than [sixteen] years old under the [Federal Detention Center's] visitation

3

policies, practices, and patterns. The class period commences [on October 5, 2017] and continues so long as [Warden Marler] persists in the unconstitutional policies, practices, and patterns." Mr. Woods and Mr. Campbell argue the Class meets the prerequisites under Rule 23(a) because the Class has (1) numerosity of over 100 members; (2) commonality because all pre-sentence inmates are subject to the same visitation policy and allege the same constitutional violations; (3) typicality because the claims of Mr. Woods, Mr. Campbell, and the Class arise from the same policy which causes the same injury and, (4) adequacy because Mr. Woods and Mr. Campbell and their counsel will fairly and adequately represent the Class.[15] They argue the Class is cohesive under Rule 23(b)(2) because the visitation policy applies generally to all pre-sentence inmates who are parents of a child under sixteen and impermissibly limits the universe of responsible adults to accompany the children only to immediate family member.

### A.     Mr. Woods and Mr. Campbell satisfy the Rule 23(a) requirements.

As evidenced in the factual record developed through discovery, Mr. Woods and Mr. Campbell establish the requirements of Rule 23(a) to certify a Class of pre-sentence inmates whose children under sixteen years of age are unable to visit them because of the Federal Detention Center's visitation policy.[16]

#### 1.     The Class satisfies the numerosity requirement.

Our Court of Appeals instructs "[n]o minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."[17] Mr. Woods and Mr. Campbell adduce evidence there are at least 100 pre-sentence inmates who cannot visit with their children under sixteen because there policy only allows immediate family members to accompany the children.[18] Warden Marler also stipulates the Class meets the

4

numerosity requirement. We find the class of at least 100 members meets the numerosity requirement of Rule 23(a).

### 2. The Class satisfies the commonality requirement.

"The commonality requirement [is] satisfied if [Mr. Woods and Mr. Campbell] share[] at least one question of fact or law with the grievances of the prospective class."[19] Mr. Woods and Mr. Campbell and the Class are pre-sentence inmates at the Federal Detention Center and subject to the same visitation policy. Each class member pre-sentence inmate has a child under the age of sixteen, and cannot visit with their child because the policy requires an immediate family member to accompany the child, and not just a responsible adult. Each class member alleges the same injury—Warden Marler's policy of requiring an immediate family member to accompany their children violates their First and Fifth Amendment rights. This injury presents the same legal questions.

While the reasons each class member does not have an adequate immediate family member to accompany their children differ slightly, they all share the same injury. If no immediate family member is suitable to accompany their child, their children under sixteen cannot visit them in the Federal Detention Center. "Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class…"[20] Warden Marler makes no argument the Class does not meet the commonality requirement.

The commonality requirement is satisfied because the proposed class members are subject to the same visitation policy and suffer common factual and legal injury based on the policy's preventing them to see their children under sixteen.

5

### 3. The Class satisfies the typicality requirement.

The typicality requirement is a "low threshold" where we ensure "the interests of the class and the class representative are aligned 'so that the latter will work to benefit the entire class through the pursuit of their own goals.'"[21] Where the Class' claims "arise[] from the same practice or course of conduct," we still can find typicality even where "relatively pronounced factual differences" exist between the class members.[22]

Mr. Woods' and Mr. Campbell's claims are typical of the Class; they are pre-sentence inmates, subject to the same visitation policy by Warden Marler, and they are unable to see their children under the age of sixteen because there is no immediate family member to accompany the child to the Federal Detention Center.

Warden Marler argues there is no typicality because of factual differences between Mr. Woods, Mr. Campbell, and the class members as to why there is no immediate family member to accompany the child on visits. While there may be factual differences as to why the class members have no acceptable immediate family member, Mr. Woods, Mr. Campbell, and the Class share the same injury (being unable to see their children) because the same policy (requiring children only be accompanied by the pre-sentence inmate's immediate family member) enforced by the same person (Warden Marler).

We find Mr. Woods' and Mr. Campbell's claims are typical of the Class because they "arise[] from the same practice or course of conduct;" being Warden Marler's visitation policy preventing them from visiting with their children under the age of sixteen.[23]

6

#### 4. The Class is adequately represented.

Rule 23(a)'s adequacy of representation "tests the qualifications of class counsel and the class representatives" and "aims to root out conflicts of interest within the class to ensure that all class members are fairly represented..."[24]

##### i. Mr. Woods and Mr. Campbell are adequate class representatives.

Class representatives "must represent a class capably and diligently" and the "linchpin of the adequacy requirement is the alignment of interests and incentives between [Mr. Woods and Mr. Campbell] and the rest of the class."[25] We cannot identify interests of Mr. Woods or Mr. Campbell antagonistic to the Class. Warden Marler argues Mr. Woods and Mr. Campbell are not adequate representatives because of "the diverse and disparate nature of the class, the multitude of possible factual scenarios, and the distinct possibility of conflicts of interest..."[26] Warden Marler does not explain how these conflicts of interest are possible. We are unclear how each pre-sentence inmate's personal circumstances as to why their child's parent/legal guardian does not allow an immediate family member handle visits could create a conflict with another pre-sentence inmate's legal rights.

Mr. Woods and Mr. Campbell are adequate representatives for the Class because they do not have interests antagonistic to the Class.

##### ii. Class counsel is qualified, experienced, and able to conduct the proposed litigation.

We must ensure "'plaintiff[s'] attorney must be qualified, experienced, and generally able to conduct the proposed litigation"[27] Representing Mr. Woods and Mr. Campbell are Attorney Mira E. Baylson of Drinker Biddle & Reath LLP, Attorney Benjamin D. Geffen of the Public Interest Law Center, and Attorney James P. Davy of the Pennsylvania Institutional Law Project.

7

These experienced attorneys are adequate as Class Counsel because (1) Attorney Baylson is qualified, experienced, and has represented criminal defendants in jury trials; (2) Attorney Geffen is qualified, experienced, and has twice served as class counsel for Rule 23(b)(2) classes; and, (3) Attorney Davy is qualified, experienced, and experienced in representing inmates challenging policies in federal prisons.[28] Warden Marler does not challenge the adequacy of Plaintiffs' counsel.

Attorney Baylson, Attorney Geffen, and Attorney Davy and their respective institutions will adequately represent the Class in this litigation.

### B. Mr. Woods and Mr. Campbell satisfy the Rule 23(b)(2) requirements.

Only seeking injunctive relief, Mr. Woods and Mr. Campbell seek to certify the Class under Rule 23(b)(2) because the Federal Detention Center's visitation policy applies generally to all pre-sentence inmates who are parents to a child under the age of sixteen requiring an immediate family member, rather than a responsible adults to accompany their child on visits.

The key feature of a Rule 23(b)(2) class "is the 'indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'"[29] Our court of appeals instructs us to focus on the "cohesiveness" of a Rule 23(b)(2) class because the class members cannot opt-out of the action and because "significant individual issues ... might present manageability issues..."[30] In prison condition class actions, our court of appeals notes "the focus was more the [prison's] conduct and policies than the individual identities or medical issues of each class member."[31]

The Class is cohesive under Rule 23(b)(2) because the challenged visitation policy can be enjoined as to all class members without harming the class members' individual rights. The

8

focus of the action is whether the visitation policy limiting the acceptable adults to only "immediate family members" to accompany children under the age of sixteen is constitutional under the First and Fifth Amendments. This central request for relief overrides the individual factual circumstances and does not present a manageability issue because the Class only seeks Warden Marler to expand the universe of adults who may accompany their children under sixteen to visit where no suitable immediate family member is available.

Warden Marler argues possible exceptions to the policy will create individualized fact inquires making the Class unmanageable. The Class, however, is not seeking relief based on their individual circumstances but asserting the policy is unconstitutional as written. Warden Marler also argues the Class' circumstances are too individualized as to why they cannot see their children and some cannot for reasons unrelated to the visitation policy because "[t]he child may live far from the [Federal Detention Center]; the immediate family members may be uncooperative; or it may not be in the best interests of the child ... to see the incarcerated father or mother."[32]

Warden Marler misconstrues the nature of the Class' claim and requested relief. The Class is not requesting Warden Marler investigate the circumstances of every pre-sentence inmate to make sure they can visit with their children under the age of sixteen. The Class, instead, is requesting the visitation policy be declared unconstitutional as presently written and to then be re-written to expand the universe of adults who may accompany their children under sixteen.

The Class is cohesive under Rule 23(b)(2) because Warden Marler's "conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of

them'" and there are no significant individuals interests harmed by the inability to opt-out or creating manageability issues in the Class.³³

**III. Conclusion**

We certify the proposed Class under Rule 23(b)(2) of all current and future pre-sentence inmates at the Federal Detention Center in Philadelphia who, beginning on October 5, 2017, are subject to the Defendant's visitation policies, practices, and patterns affecting their ability to expand the universe of responsible adults who can accompany their children younger than sixteen on visits.

We find Mr. Woods and Mr. Campbell are adequate representatives for the Class and find Attorney Mira E. Baylson of Drinker Biddle & Reath LLP, Attorney Benjamin D. Geffen of the Public Interest Law Center, and Attorney James P. Davy of the Pennsylvania Institutional Law Project are qualified, experienced, and able to adequately represent the Class as Class counsel.

---

[1] Appendix 00042 (hereafter "Appx." 00042). Under our Policies, we require the parties submit an Appendix supporting a motion for class certification. Mr. Woods and Mr. Campbell submitted an Appendix at ECF Doc. No. 29.

[2] Appx. 00037-38. The parties agree a child under sixteen visiting a pre-sentence inmate must be accompanied by an immediate family member. *See* ECF Doc. No. 29 at 3 ("A child under the age of 16 cannot enter the [Federal Detention Center] without an adult who independently qualifies to visit as that inmate's immediate family member."); ECF Doc. No. 30 at 2 (The pre-sentence inmates policy "restricts visits to members of the 'immediate family," ... [the children] is under the age of sixteen, must be accompanied by an adult in the 'immediate family.'").

[3] Appx. 00042.

[4] Appx. 00038.

[5] ECF Doc. No. 1, ¶¶ 42, 44.

[6] *Id.* ¶ 43.

[7] *Id.*

[8] *Id.* ¶ 47.

[9] *Id.*

[10] *Id.* ¶ 54.

[11] *Id.* ¶ 55.

[12] *Id.* ¶ 15. Because all proposed class members are awaiting sentencing, the Supreme Court considers them "pretrial detainees" under the Constitution and the Fifth Amendment applies, not the Eighth Amendment. *See Fuentes v. Wagner*, 206 F.3d 335, 341 (3d Cir. 2000).

[13] *Id.*

[14] The Class includes inmates awaiting trial and awaiting sentencing. Messrs. Woods and Campbell describe the affecting inmates as "pretrial" inmates. Their description is partially accurate. The Federal Detention Policy's labels them "pretrial and holdover inmates." For simplicity, we will use "pre-sentence inmates" to refer to both types of inmates included in the Class.

[15] *See* Fed. R. Civ. P. 23(a).

[16] *See In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305, 320 (3d Cir. 2008) (citing *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2nd Cir. 2008)).

[17] *Stewart v. Abraham*, 275 F.3d 220, 226 (3d Cir. 2001)).

[18] *See* Appx. 00055, 57.

[19] *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 310 (3d Cir. 1998) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 56 (3rd Cir. 1985)).

[20] *Hagan v. Rogers*, 570 F.3d 146, 158 (3d Cir. 2009) (quoting *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)) and *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

[21] *In re Nat. Football League Players Concussion Injury Litig.*, 821 F.3d 410, 427 (3d Cir. 2016) (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 182-83 (3d Cir. 2001) and *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 141 (3d Cir. 1998)).

[22] *Id.* (quoting *In re Prudential*, 148 F.3d at 311 and *Baby Neal*, 43 F.3d at 58).

[23] *Id.* (quoting *In re Prudential*, 148 F.3d at 311 and *Baby Neal*, 43 F.3d at 58).

²⁴ *Id.* at 429.

²⁵ *Id.* at 430-31 (quoting *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012)).

²⁶ ECF Doc. No. 30 at 11.

²⁷ *Vista Healthplan, Inc. v. Cephalon, Inc.*, No. 06-1833, 2015 WL 3623005, at *15 (E.D. Pa. June 10, 2015) (quoting *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975)).

²⁸ *See* Appx. 00061-67.

²⁹ *Shelton v. Bledsoe*, 775 F.3d 554, 561 (3d Cir. 2015) (quoting *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 360 (2011) and Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009)).

³⁰ *Id.* (citing *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 143 (3d Cir. 1998)).

³¹ *Id.* (internal citations omitted). Our court of appeals is addressing prisoners' Eighth Amendment claims but it applies equally to the pre-sentence inmates who, because some have not been convicted, bring their claims under the Fifth Amendment.

³² ECF Doc. No. 30 at 9.

³³ *Shelton*, 775 F.3d at 561 (internal citations omitted).