IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN WOODS, *et al.* | : CIVIL ACTION |
| | : |
| v. | : NO. 17-4443 |
| | : |
| SEAN MARLER | : |

# ORDER

**AND NOW**, this 22nd day of March 2018, following discovery on class certification (ECF Doc. No. 22), after considering Plaintiffs' Motion to certify a class action under Rule 23 (ECF Doc. No. 29), Defendant's Response (ECF Doc. No. 30), Plaintiffs' Reply (ECF Doc. No. 31) and for reasons in the accompanying Memorandum, it is **ORDERED** Plaintiffs' Motion (ECF Doc. Nos. 29) is **GRANTED**:

1. Plaintiffs' claims seeking to enjoin further enforcement of a portion of Defendant's visitation policies applying to their visitation rights with their children may proceed as a class action under Fed. R. Civ. P. 23(b)(2) on behalf of the Class defined as:

> **All current and future pre-sentence inmates at the Federal Detention Center in Philadelphia who, beginning on October 5, 2017, are subject to the Defendant's visitation policies, practices, and patterns affecting their ability to visit with their child younger than sixteen years' old who is not accompanied by an immediate family member approved by the child's non-incarcerated parent or legal guardian.**

2. **Class Findings.** As more fully detailed in the accompanying Memorandum, we find Federal Rule of Civil Procedure 23(a) and (b)(2) requirements are amply satisfied:

    a. **Numerosity.** Upon consent, the Class is sufficiently numerous with at least 100 members;

b. **Commonality.** The Class has commonality because class members are able subject to the same visitation policy and suffer common factual and legal injury based on the policy affecting the ability to see their children under the age of sixteen;

c. **Typicality.** Plaintiffs' claims are typical of the Class because they arise from Defendant's visitation policy preventing them from visiting with their children under the age of sixteen where no acceptable immediate family member can accompany them;

d. **Adequacy of Representation.** Plaintiffs are adequate representatives of the Class because they share the same claims as the Class and have no interests antagonistic to the Class. Attorney Mira E. Baylson of Drinker Biddle & Reath LLP, Attorney Benjamin D. Geffen of the Public Interest Law Center, and Attorney James P. Davy of the Pennsylvania Institutional Law Project are qualified, experienced, and able to adequately represent the Class as Class Counsel; and,

e. **Cohesiveness under Rule 23(b)(2).** The Class is cohesive under Rule 23(b)(2) because Defendant's visitation policy can be enjoined or declared unlawful as to all of the class members cohesively and there are no significant individual interests harmed by the inability to opt-out or creating manageability issues in the Class.

3. **Class Representative.** Allen Woods and Keith Campbell are adequate representatives of the Class and we certify them as Class representatives.

4. **Class Counsel.** Lead Plaintiffs' counsel Drinker Biddle & Reath LLP, the Public Interest Law Center, and the Pennsylvania Institutional Law Project are authorized to act on behalf of the Class with respect to actions required by, or necessary to be taken under, the Rules of Civil Procedure and this Court's Orders and Policies.

5. **Notice to the Class.** Class Counsel shall circulate a <u>draft</u> court-facilitated notice and protocol compliant with Fed. R. Civ. P. 23(c)(2)(A) <u>to</u> Defendant's counsel only no later than **March 30, 2018**, Defendant shall provide comments to the draft and protocol to Plaintiffs' counsel by **April 5, 2018**, and Plaintiffs may then move for approval of a proposed Court-facilitated notice with a memorandum not exceeding ten (10) pages and identifying all areas of the parties' disagreements on the notice in an attached black-lined version of the proposed notice on or before **April 9, 2018**. Defendant may respond with memoranda not exceeding ten (10) pages explaining his dispute with the proposed protocol or proposed black-lined notice on or before **April 12, 2018**.

_/s/ Kearney, J._
KEARNEY, J.